**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4836**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

DARREN LEON PRINGLE,

                    Defendant – Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.  Terry L. Wooten, District Judge.
(4:08-cr-00058-TLW-3)

Submitted: August 20, 2009        Decided: September 1, 2009

Before MICHAEL, SHEDD, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Ray Coit Yarborough, Jr., LAW OFFICE OF RAY COIT YARBOROUGH,
JR., Florence, South Carolina, for Appellant.  Rose Mary
Sheppard Parham, Assistant United States Attorney, Florence,
South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darren Leon Pringle pled guilty to conspiracy to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2006). The district court sentenced Pringle to 60 months' imprisonment, the statutory mandatory minimum sentence under 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (2006). Pringle's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that in his view, there are no meritorious issues for appeal. Counsel, however, asks this Court to review the validity of Pringle's guilty plea and the reasonableness of his sentence. Pringle has filed a pro se supplemental brief in which he argues that his guilty plea was the result of ineffective assistance of counsel, and a letter in which he states that he wishes to contest the quantity of drugs charged. The Government has not filed a brief.

Under Rule 11(b)(1), the district court must address the defendant in open court and inform him of the following: the nature of the charge; any mandatory minimum sentence and the maximum possible sentence; the applicability of the Sentencing Guidelines; the court's obligation to impose a special assessment; the defendant's right to an attorney; his right to plead not guilty and be tried by a jury with the assistance of counsel; his right to confront and cross-examine witnesses; his right against self-incrimination; and his right to testify,

2

present evidence, and compel the attendance of witnesses.  The defendant also must be told that a guilty plea waives any further trial and that his answers at the proceeding may be used against him in a prosecution for perjury.  Under Rule 11(b)(2), the court must address the defendant to determine that the plea is voluntary. The court must require disclosure of any plea agreement under Rule 11(c)(2) and determine a factual basis for the plea under Rule 11(b)(3). The record reflects that the plea colloquy was conducted in substantial compliance with Rule 11, and that Pringle's guilty plea was knowing and voluntary.

Our review of the record also indicates that Pringle's sentence, the statutory mandatory minimum, is reasonable.

A counseled guilty plea waives all antecedent nonjurisdictional defects not logically inconsistent with the establishment of guilt, unless the petitioner can show that his plea was not voluntary and intelligent because the advice of counsel "was not within the range of competence demanded of attorneys in criminal cases." Tollett v. Henderson, 411 U.S. 258, 266-67 (1973) (internal quotations and citation omitted). Pringle's knowing and voluntary guilty plea waives his objection to the amount of drugs with which he was charged in the indictment.

Finally, this Court may address on direct appeal a claim that counsel was ineffective only if the ineffectiveness

appears conclusively on the face of the record. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). There is no evidence on the face of the record that Pringle's counsel was ineffective.

Accordingly, Pringle's assertion that he did not receive effective assistance of counsel is not cognizable in this direct appeal; instead, it must be presented in a timely motion for post-conviction relief.

Pringle's pro se challenge to the drug quantity with which he was charged is likewise without merit.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Pringle, in writing, of the right to petition the Supreme Court of the United States for further review. If Pringle requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Pringle.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

4

before the court and argument would not aid the decisional process.

AFFIRMED